**In re Dr. Stephen W. GROSSE, P.C. t/a Martin Gorman Dental Pavilion, Dental Pavilion, Dental Dimensions, Dental Dimensions I, South Street Professional Building, Associated Dental Group Ltd., Barry A. Dubin, D.D.S. and Assoc., Stephen W. Grosse, P.C., Dental Pavilion, Germantown Dental, Girard Dental, Market Street Dental Pavilion, Market Dental, Barry Dubin Dental Care Center, B. Alan Dubin Dental Care Center, Dental Care Center, North Phila. Dental, Dr. Dubin's Dental Care, Denman Corporation, 1044 South Street, South Street Dental, and Central Purchasing, Debtor.**

**Samuel M. BRODSKY, Trustee, Plaintiff,**

v.

**Stephen D. COHEN, D.D.S., Stephen A. Grubard, D.D.S., Society Hill Dental Associates, Defendants.**

**Bankruptcy No. 83–01694G.**
**Adv. No. 84–0083G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Nov. 15, 1984.

Alexander N. Rubin, Jr., Matthew D'Annunzio, Rubin, Quinn & Moss, Philadelphia, Pa., for plaintiff/trustee, Samuel M. Brodsky.

David R. Dearden, Morris & Adelman, Philadelphia, Pa., for defendants, Stephen D. Cohen, D.D.S., Stephen A. Grubard, D.D.S. and Society Hill Dental Associates.

Samuel M. Brodsky, Philadelphia, Pa., Trustee.

Myron A. Bloom, Adelman Lavine Krasny Gold & Levin, Philadelphia, Pa., for debtors.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The predominant issue in the case before us is whether we should grant the defendants' motion for partial summary judgment on the trustee's complaint based on the defendants' assertion that the trustee is not the proper party to institute suit on causes of action that arose after the filing of the petition. For the reasons stated herein we conclude that the trustee is the proper party to commence suit and thus we will deny this aspect of the defendants' motion for partial summary judgment.

The undisputed facts of this case are as follows:[1] The above captioned debtors are dental practitioners who filed petitions for relief under chapter 11 of the Bankruptcy Code ("the Code") although each of the cases has since been converted to chapter 7. After the filing of the petitions, an order was entered for joint administration of the cases. A trustee was appointed after the conversion who promptly filed the action at bench alleging under several causes of action that the defendants, as dentists, depleted the debtors' estates by wrongfully obtaining the debtors' patient lists, patient files and accounts receivable as well as certain other property. Apparently some of these alleged acts occurred prior to the filing of the petitions although some transpired postpetition. In the prayer for relief the complaint requests both compensatory and punitive damages, the latter of which is apparently predicated on the trustee's allegations of the defendants' "intentional, malicious and/or fraudulent" conduct in obtaining the property in question.

The defendants have moved for partial summary judgment on two bases. The first is that defendants are entitled to summary judgment on all causes of action

1. Under Fed.R.Civ.P. 56, which is applicable through Bankruptcy Rule 7056, summary judgment can be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The U.S. Court of Appeals for the Third Circuit has characterized summary judgment as "a drastic remedy," and has stated "that courts are to resolve any doubts as to the existence of genuine issues of fact against the moving parties. *Hollinger v. Wagner Mining Equipment Co.,* 667 F.2d 402, 405 (3d Cir.1981). "Inferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion." *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), cert. den., 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Nonetheless, in opposing a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(c).

which arose after the filing of the petitions since they assert that the individual debtors rather than the trustee are the proper parties to file suit on these claims. The defendants contend that the causes of action which arose postpetition are not property of the debtors' bankruptcy estates but rather are property of the respective debtors. The defendants have also moved for summary judgment on the debtors' request for punative damages. Under state and federal law the defendants contend that no authority exists for awarding punitive damages on the facts of this case.

In discussing the first basis for summary judgment it appears that the defendants' alleged tortious conversion of the property in question gave rise to a cause of action for effecting the return of the property or for recompense of its value. Under 11 U.S.C. § 541(a) of the Code a debtor's estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case" including "[p]roceeds, *product*, offspring, rents, and profits of or from property of the estate...." § 541(a)(1) and (a)(6) (emphasis added). The property allegedly appropriated postpetition by the defendants was property of the estate as of the date of the filing of the petition while the cause of action which arose on the purported conversion of the property was a "product" of that property within the meaning of § 541(a)(6). Consequently, the cause of action is property of the estate. Since, under 11 U.S.C. § 323, the trustee is the representative of the estate and has capacity to sue, the trustee is the proper party to file suit against the defendants on the causes of action which arose postpetition.[2] Thus, the first basis of the defendants' motion for partial summary judgment will be denied.

As stated above, the defendants have also moved for partial summary judgment in order to disallow the debtors' claim for punitive damages. The Code prescribes

punitive damages in only limited circumstances, none of which is applicable here. Under governing state law punitive damages are allowable if a tortfeasor acts with "malice, vindictiveness and wanton disregard." *Richette v. Pennsylvania Railroad,* 410 Pa. 6, 16, 187 A.2d 910 (1963). In the case at bench the debtors have alleged that the defendants' conduct was "intentional, malicious and/or fraudulent." Since it appears that the debtors' allegations have not been undermined by any facts currently of record, we find that these allegations are sufficient to withstand the defendants' motion for summary judgment. Consequently, we will deny that portion of the defendants' motion for partial summary judgment which requests disallowance of the debtors' request for punitive damages.

Since the defendants have failed to establish any entitlement to relief on their motion, we will accordingly enter an order denying the motion for summary judgment.

---

**2.** In opposing this result the defendants cite *Murphy v. Household Finance Corp.,* 560 F.2d 206 (6th Cir.1977) and *Villar & Co., Inc. v.* *Conde,* 30 F.2d 588 (1st Cir.1929). We have reviewed these cases and find they are inapposite to the facts of this case.