**In re Joseph SZYMECKI and Suzanne Szymecki, his Wife, Debtors.**

**The HOUSING AUTHORITY OF the CITY OF ERIE, Movant,**

**v.**

**Joseph SZYMECKI and Suzanne Szymecki, his Wife, and Vedder J. White, Esq., Trustee, Respondents.**

**Bankruptcy No. 87–00445E.
Motion No. 87–933E.**

United States Bankruptcy Court,
W.D. Pennsylvania.

June 27, 1988.

---

Vedder J. White, Erie, Pa., Trustee.

Guy C. Fustine, Erie, Pa., for The Housing Authority of the City of Erie.

Julia Bandecca, Erie, Pa., for debtors.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Issue

The issue is whether The Housing Authority of the City of Erie ("Erie Housing Authority" or "EHA") may evict the debtors from their apartment in a low-income public housing project on account of repeated defaults in payment of rent, all of which were eventually cured, except the balance owing at the time of the filing of the within bankruptcy on August 26, 1987.

### Facts

The debtors have been tenants under the EHA under a month-to-month tenancy since at least August, 1984. During that time, the EHA has, on eight prior occasions for different defaults, sent notice of termination of the lease and instituted eviction proceedings, but each time the debtors paid the delinquency together with the court costs in the office of the District Justice at some point before eviction. The balance of the rent due at the time of the filing of the bankruptcy petition on August 26, 1987 was $502.60 and was the ninth default. Bankruptcy interrupted the eviction proceedings. Under the regulations of the EHA, the rent is based on the income of the tenant. The debtors' income presently consists of $365 and $134 in food stamps. Based on this, the debtors' rent is $98 per month. Under regulations of the Department of Housing and Urban Development, the tenancy may be terminated for certain reasons or for other good cause. The lease is obviously a valuable property right of the debtors. The EHA concedes that the prepetition delinquent rent is a dischargeable debt.

### Discussion

Under Pennsylvania District Justice Rule 518, in the case of a suit by the landlord for recovery of possession solely because of a failure to pay rent, the tenant may satisfy the ORDER FOR POSSESSION by paying to the executing officer the rent actually in arrears and the costs of the proceedings. Thus, the tenants, after each one of the prior defaults, having paid the delinquency plus the costs of the proceedings, were entitled to continue their tenancy.

The EHA argues that it should be granted relief from stay to continue with its eviction proceeding because of the "repeated defaults" of the debtors prior to the filing of the bankruptcy petition. The EHA is not attempting to collect the rent which was delinquent at the time of the filing of the bankruptcy petition. It concedes that the delinquent prepetition rent is dischargeable.

However, the EHA has never commenced any proceeding to terminate the lease on account of "repeated defaults." Its last proceeding for eviction, which was interrupted by the bankruptcy filing, was based solely upon that latest delinquency and not upon the series of prior delinquencies, as shown by examination of the proceedings before the District Justice.

Under 11 U.S.C. § 365(d)(1), if the residential lease is not assumed or rejected within 60 days after the order for relief, it is deemed rejected. In the case at bench, the lease is therefore deemed rejected. But that only amounts to an abandonment of the lease rights to the debtor.

However, this case is governed by 11 U.S.C. § 525 which provides that "a

governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise or other similar grant to, condition such grant to, discriminate with respect to such a grant against ... a person that is or has been a debtor under this title ...''

Thus, where the landlord is a governmental unit, there may be no discrimination on account of the fact that the person is or has been a debtor in a bankruptcy proceeding. The EHA, being a government unit, is not permitted to insist upon payment of the delinquent, dischargeable rent as a condition of continued occupancy.

■ *In re Martha Sudler; Sudler v. Chester Housing Authority*, 71 B.R. 780 (Bankr.E.D.Pa.1987) involved such an issue, and the court explained at page 786:

"This provision prevents a public housing authority from denying a future public housing tenancy to a debtor-tenant on the basis of a prior rent obligation which has been discharged in bankruptcy. *See In re Amhurst*, Bankr. No. 84–02064T (Bankr.E.D.Pa.Order of March 8, 1985) (Order of Chief Judge Twardowski of this Court expressly adopting 'the reasoning and holding' of *Gibbs, infra*); and *In re Gibbs*, 9 B.R. 758, 763–64 (Bankr.D.Conn.1981), *reaff'd.* 12 B.R. 737 (Bankr.D.Conn.1981). We believe that the strong public policy of 11 U.S.C. § 525 overrides the potential requirement of 11 U.S.C. § 365(b)(1) that a debtor assuming a lease must cure any prepetition defaults or otherwise provide adequate protection to the landlord.''

Also, *In the Matter of Gwendolyn Elaine Gibbs; Gibbs v. Housing Authority of New Haven*, 9 B.R. 758 (Bankr.D.Conn. 1981) at 764:

"As previously noted, the Authority concedes it is a governmental unit. *See* 11 U.S.C. § 101(21). The Authority points to the omission of the word 'lease' in § 525, and claims it must have been Congress' intention to omit it, and thereby 'not regulate the leasing practices of local public housing authorities'. (Brief for Authority, p. 18). The statute does not purport to be exclusive in its listings of grants, and includes the phrase 'or other similar grant'. In addition, the legislative history teaches that '... the section is not exhaustive. The enumeration of various forms of discrimination against former bankrupts is not intended to permit other forms of discrimination ... *Discrimination based solely on nonpayment would encourage reaffirmations, contrary to the expressed policy.*' House Report at 366–67, U.S.Code Cong. & Admin.News 1978, 6323. (Emphasis added) I believe that an obvious example of discrimination is presented by this proceeding, where the Authority will evict Gibbs solely because she has sought relief under bankruptcy law, become discharged of a debt of $74.00 to the Authority and refuses to reaffirm the said debt.

The court holds that the Authority's use of the state court execution to evict Gibbs is proscribed by § 525.''

While the EHA argues that it is terminating the lease because of repeated delinquencies, and not because of the current delinquency at the time of the bankruptcy, the circumstances are too suspect to lend the argument much credibility. The court finds that the cause of the current effort to evict the debtors was the rental delinquency which was in existence at the time of the filing of the bankruptcy petition on August 26, 1987. Since that time, the monthly rental payments have been made by the debtors through their attorney.

■ The discharge of the delinquency which existed as of August 26, 1987 is not exactly the same as though the debtors had made payment. However, the EHA cannot assert that lack of payment as a basis for terminating the debtors' lease.

A separate order will be entered denying the motion of the EHA for relief from automatic stay.