**In re Thelma REED, also known as Thelma Albertha Reed, Debtor.**

**Thelma REED, Plaintiff,**

v.

**PHILADELPHIA HOUSING AUTHORITY, et al., Defendants.**

Bankruptcy No. 87–5630F.
Adv. No. 88–0632F.
Misc. No. 88–0529.

United States District Court, E.D. Pennsylvania.

Oct. 17, 1988.

Peter D. Schneider, Community Legal Service, Philadelphia, Pa., for debtor/plaintiff, Thelma Reed.

Jose E. Morales, Philadelphia, Pa., for defendant, Philadelphia Housing Authority.

## ORDER

FULLAM, Chief Judge.

AND NOW, this 17th day of October, 1988, upon consideration of the Report and Recommendation of the United States Bankruptcy Judge dated September 21, 1988, it is ORDERED:

That the defendants' motion to abstain is DENIED.

## MEMORANDUM AND REPORT

BRUCE I. FOX, Bankruptcy Judge:

The defendant Philadelphia Housing Authority (PHA) has filed a motion to dismiss the plaintiff's second amended complaint[1] pursuant to Bankr.Rule 7012(b) (incorporating F.R.Civ.P. 12(b)). PHA contends that this court does not possess subject matter jurisdiction over the claims alleged and, alternatively, that this court should abstain from hearing plaintiff's claims. In resolving a motion to dismiss, a court must accept as true plaintiff's factual allegations as well as all reasonable inferences fairly deducible therefrom. *See Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988); *D.P. Enterprises v. Bucks County Community College*, 725 F.2d 943 (3d Cir.1984); *In re Stephen W. Grosse, P.C.*, 68 B.R. 847 (Bankr.E.D.Pa.1987).

### I.

Plaintiff's complaint alleges that she filed a chapter 7 bankruptcy petition on November 10, 1987. Prior to that date she was a public housing tenant residing at 1421 North 8th Street, Philadelphia, Pa. While a tenant, plaintiff complained to PHA about the condition of her leasehold including electrical problems. Eventually PHA hired some or all of the other individual defendants (except the chapter 7 trustee, of course) to do electrical repair work

in the leasehold. On March 18, 1988 electrical repair work was done; on March 21, 1988 a fire occurred which completely damaged the leasehold and plaintiff's personal property located therein. Plaintiff alleges that the fire was proximately caused by the electrical work done but a few days earlier. She avers that the repair work was negligently performed and that there also was a negligent failure to provide smoke detectors.

As a result of the fire, plaintiff moved on April 23, 1988 to a new public housing unit located at 2340 North 6th Street, Philadelphia, Pa. Plaintiff alleges that this new residence has problems which affect its habitability such as a broken window and defective bathroom sink. She also claims that PHA assessed a rental charge for the period between the fire, March 23, and the relocation to a new residence, April 23, 1988.

The relief sought by plaintiff falls into three categories. First, she seeks monetary relief against the defendants, including PHA, for the damage caused by the fire and the absence of a smoke detector. She seeks an injunction to require PHA to make repairs to her new residence. Finally, she seeks damages and a rent abatement to reflect the allegedly poor condition of her current premises and the absence of suitable housing during the gap between the fire and her move.

Two other factual items are of importance. First, plaintiff alleges that most (but not all) of the personal property damaged in the fire was owned by her prepetition, listed on her bankruptcy schedules, and claimed as exempt pursuant to 11 U.S. C. § 522(b), (d). Second, plaintiff alleges that her occupancy in both public housing units occurred pursuant to written leases. There is no allegation that either lease was assumed by the chapter 7 trustee (or the debtor) pursuant to 11 U.S.C. § 365(b)(1),

---

**1.** Plaintiff's motion to file a second amended complaint was granted without opposition.

(d)(1), nor that any leasehold interest was claimed as exempt.

## II.

PHA contends that this court lacks subject matter jurisdiction for, essentially, two discrete reasons: that this proceeding is non-core, and that the actions complained of occurred postpetition. I shall analyze these two bases separately.

### A.

As I noted in *In re Malone*, 74 B.R. 315, 318 (Bankr.E.D.Pa.1987) *recommendation approved* C.A. 86–361 (E.D.Pa., September 30, 1987), bankruptcy proceedings may now be grouped into three categories:

(1) core proceedings, which may be heard and resolved by the bankruptcy court, *see* 28 U.S.C. § 157(b)(1); (2) non-core, related proceedings, which the bankruptcy court may hear and submit proposed findings of fact and conclusions to the district court, *see* U.S.C. § 157(c)(1); and (3) non-core, unrelated proceedings, over which the bankruptcy court lacks any jurisdiction.

*Accord, In re M. Paolella & Sons, Inc.*, 85 B.R. 965, 969 (Bankr.E.D.Pa.1988); *In re Bowling Green Truss, Inc.*, 53 B.R. 391 (Bankr.W.D.Ky.1985).

The outmost parameter of bankruptcy jurisdiction is defined by the concept of a related or non-core proceeding; that concept, in turn has been explicated by the Third Circuit Court of Appeals:

The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy *is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy....* An action is related to bankruptcy if the outcome could alter the debtor's rights,

liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984) (emphasis in original).

■ While it is true that there are certain proceedings which bear no relationship whatsoever to the bankruptcy case being administered, *e.g., In re Fietz,* 852 F.2d 455 (9th Cir.1988); *Pacor, Inc. v. Higgins; In re Malone; In re Haug,* 19 B.R. 223 (Bankr.D.Ore.1982), the mere fact that a proceeding is classified as non-core is no basis for suggesting that subject matter jurisdiction does not lie. So long as the proceeding is related in some way, "could conceivably have any effect" upon the debtor's estate, then it can be heard in bankruptcy court. Whether a proceeding is core or non-core affects the power of the bankruptcy judge to issue a final order or judgment, 28 U.S.C. § 157(d)(1), but not the ability to hear the proceeding. *See In re Earle Industries, Inc.,* 71 B.R. 919 (Bankr. E.D.Pa.1987) (jurisdictional grant to bankruptcy courts to hear non-core proceedings is constitutional). Indeed, to conclude otherwise would run counter to the express language of 28 U.S.C. § 157(c)(1).[2]

Therefore, assuming that this adversary proceeding is non-core, that fact alone does not mandate dismissal of the proceeding for lack of jurisdiction.

### B.

PHA's second argument is more defensible. As the Third Circuit has instructed, postpetition causes of action must be scrutinized carefully insofar as bankruptcy jurisdiction is concerned, since property of the estate in a chapter 7 case is determined, generally, as of the date the bankruptcy petition was filed. *In re Bobroff,* 766 F.2d 797, 803 (3d Cir.1985). *See In re Stephen*

---

**2.** That statutory subsection states as follows: A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise *related to a case under title 11.* In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

*Smith Home for the Aged, Inc.,* 80 B.R. 678, 682 (E.D.Pa.1987); 4 *Collier on Bankruptcy,* ¶ 541.04 at 541–22 (15th ed.1988). Thus a tort claim which arises postpetition may be unrelated to a debtor's bankruptcy case, in which instance it could not be heard in bankruptcy. *In re Bobroff. Cf. Matter of M. Frenville Co., Inc.,* 744 F.2d 332 (3d Cir.1984), *cert. denied,* 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985) (postpetition indemnification claim is not subject to automatic stay).

■ This adversary proceeding involves various discrete choses in action. As to plaintiff's claim that PHA has not met its contractual or common law obligations with regard to the current leasehold, *see generally Pugh v. Holmes,* 486 Pa. 272, 405 A.2d 897 (1979), I note that this leasehold interest was acquired postpetition. Any violation of the written lease or of state law imposed upon lessors could have no conceivable effect upon the administration of the debtor's chapter 7 case. The leasehold interest was never property of the estate. PHA has taken no action in violation of the automatic stay. The debtor does not claim the leasehold interest as exempt. Thus, that portion of this dispute concerning the debtor's rights as a tenant residing at 2340 North 6th Street is outside the scope of this court's jurisdiction and must be dismissed.

■ The debtor's claim arising from her tenancy at 6421 North 8th Street must be analyzed differently. That leasehold interest arose prepetition and was property of the estate as of the commencement of the chapter 7 bankruptcy. Pursuant to 11 U.S. C. § 365(d)(1), though, the trustee had only 60 days from the commencement of the case to assume the lease, otherwise the lease is deemed rejected.[3] Here, there is no allegation that the leasehold interest

was assumed; thus, I must conclude that the leasehold interest was rejected.

At best, from the debtor's point of view, the rejection of the leasehold interest amounted "to an abandonment of the lease rights to the debtor." *In re Szymecki,* 87 B.R. 14, 15 (Bankr.W.D.Pa.1988) (referring to a lease of a public housing unit).[4] Once property is abandoned, it is no longer property of the estate. *See In re Trowbridge,* 74 B.R. 484, 486 (Bankr.E.D.Pa.1987); 4 *Collier on Bankruptcy* ¶ 554.02[2], at 554–6 (15th ed.1988) ("abandonment constitutes a divesture of all interests in property that were property of the estate"). Upon abandonment, the jurisdiction of this court over the property ends. *See In re Franklin Signal Corp.,* 65 B.R. 268, 274 (Bankr. D.Minn.1986) ("Ownership and control of the asset [upon abandonment] is reinstated in the debtor with all rights and obligations as before filing a petition in bankruptcy."); *In re Amm,* 130 F.Supp. 73 (E.D.Pa.1955) (trustee has no power to sell property previously abandoned). Any damage done to the debtor's leasehold interest occurred subsequent to its being abandoned to the debtor; thus, this claim also has no bearing upon the administration of the chapter 7 case, and it too must be dismissed.

### III.

■ The one claim over which I do possess jurisdiction is the debtor's damage claim as to personal property. To the extent the debtor's personal property, which existed as of the date of her filing bankruptcy, was damaged by the negligent conduct of the defendants, there is ample support for concluding that jurisdiction exists even though the negligence occurred postpetition. Although 11 U.S.C. § 541(a)(1) refers to property interests "as of the commencement of the case," the debtor is cor-

---

**3.** The basic purposes of assumption and rejection have been discussed many times. *See generally N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984); *In re Mushroom Transportation Co.,* 78 B.R. 754 (Bankr.E.D.Pa.1987).

**4.** I note, but need not decide, the question whether the provisions of 11 U.S.C. § 525 alter in some way the applicability of 11 U.S.C. § 365.

*See In re Szymecki; In re St. Mary's Hospital,* 89 B.R. 503, 512 (Bankr.E.D.Pa.1988). *See also In re Monroe Well Service,* 83 B.R. 317 (Bankr.E.D. Pa.1988) (provisions of § 366 interact with § 365). I assume without deciding that the leasehold, due to § 525, is abandoned to the debtor who cannot be evicted for the dischargeable failure to pay back rent. *In re Szymecki.*

rect that under 11 U.S.C. § 541(a)(6) the estate includes the postpetition proceeds from such property interests. Those "proceeds" may include insurance payments or damage claims; the critical factor is that, although the right to payment arose postpetition, the property at issue was prepetition property which became part of the estate. *E.g., Payne v. Wood*, 775 F.2d 202 (7th Cir.1985), *cert. denied*, 475 U.S. 1085, 106 S.Ct. 1466, 89 L.Ed.2d 722 (1986) (insurance proceeds from postpetition fire damage property of the estate); *Bradt v. Woodlawn Auto Workers, F.C.U.*, 757 F.2d 512 (2d Cir.1985) (insurance proceeds from postpetition collision damage property of estate); *Matter of Wilson*, 694 F.2d 236 (11th Cir.1982) (attorney's fees refunded to the debtor, postpetition, are property of the estate); *Matter of Wittenwyler*, 62 B.R. 479 (Bankr.W.D.Wisc.1986) (trustee's postpetition use of 11 U.S.C. § 547 to set aside a security interest as preferential created postpetition equity which was property of estate); *In re Grosse*, 44 B.R. 200 (Bankr. E.D.Pa.1984) (the postpetition depletion of estate property by third parties gave rise to a chose in action which was property of the estate); *In re Acton Foodservices Corp.*, 39 B.R. 70 (Bankr.D.Mass.1984) (postpetition fraudulent sale of estate property gives rise to a cause of action which is property of estate); *In re Thompson*, 3 B.R. 312 (Bankr.D.S.D.1980) (bankruptcy court retained jurisdiction to hear action against creditor for postpetition wrongful removal of estate property).[5]

To the extent the alleged actions of the defendants injured property first acquired by the debtor postpetition, such injury is outside the scope of my jurisdiction. Plaintiff's suggestion that I should hear this matter in the interest of juridical economy has been squarely rejected by the Third Circuit. *In re Bobroff*, 766 F.2d at 802; *Pacor, Inc. v. Higgins*, 743 F.2d at 994 ("Judicial economy itself does not justify federal jurisdiction.").

In sum, the only claim that I am empowered to hear is whether the defendants negligently damaged personal property of the debtor which she possessed at the time of the bankruptcy filing. Should the debtor prevail, the proceeds from property duly scheduled and claimed as exempt by the debtor shall be paid to the debtor to the extent of her exemption claim or any timely amendment thereto. *See Payne v. Wood; In re Paolella*, 85 B.R. 974 (Bankr. E.D.Pa.1988). The proceeds from property not properly scheduled shall go to the chapter 7 trustee for distribution to creditors. *Payne v. Wood.*

## IV.

PHA requests that I abstain from hearing that portion of the debtor's complaint over which jurisdiction exists. PHA raises two bases for abstention: 11 U.S.C. § 305 and 28 U.S.C. § 1334(c)(2).[6]

■ As I noted in *In re Futura Industries, Inc.*, 69 B.R. 831, 833 n. 3 (Bankr.E. D.Pa.1987):

11 U.S.C. § 305 grants to bankruptcy courts the authority to suspend or dismiss entire cases as opposed to a proceeding in a case. Its purpose is to encourage out of court workouts between the debtor and its creditors. *See* Reed, Sagar & Granoff, *Subject Matter Jurisdiction, Abstention and Removal Under the New Federal Bankruptcy Law*, 56 Am.Bankr.L.J. 121, 141 (1982).

This provision does not apply to adversary proceedings, *see* Advisory Committee Note, Bankr.Rule 1017(c) (1983); 2 *Collier on Bankruptcy*, ¶ 305.02 at 305–5 (15th ed. 1988), and so cannot serve as justification for abstention in the adversary proceeding at bench.

■ 28 U.S.C. § 1334(c)(2) mandates abstention in specified circumstances. This subsection was the product of a congressional compromise and requires that certain—but not all—non-core adversary pro-

---

**5.** PHA does not contend that the debtor has no right to bring this adversary proceeding. Thus, I do not reach this issue.

**6.** As defendant does not request discretionary abstention under 28 U.S.C. § 1334(c)(1), I do not discuss it. *See generally In re Wilson*, 85 B.R. 722, 726–28 & n. 12 (Bankr.E.D.Pa.1988).

ceedings be heard in state court. *In re Earle Industries, Inc.*, 72 B.R. at 133. In order for mandatory abstention to apply, the defendants must demonstrate that:

(1) a timely motion is made; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

*In re Arnold Print Works, Inc.*, 54 B.R. 562, 569 (Bankr.D.Mass.1985).

Here, I agree with PHA that this proceeding is non-core. Suit is based upon state law, brought by the debtor against a third party (who has not filed a proof of claim), which could have been brought in state court, and which does not rely upon any Bankruptcy Code provision for relief.[7] *See In re Athos Steel and Aluminum, Inc.*, 71 B.R. 525, 534 (Bankr.E.D.Pa.1987). Nonetheless, abstention is not mandated because there was no showing that a similar lawsuit has been commenced and can be timely adjudicated in a non-bankruptcy forum. Absent such a showing, mandatory abstention is inappropriate. *In re Container Transport, Inc.*, 86 B.R. 804, 806 (E.D.Pa.1988) (and cases cited therein). The congressional compromise which produced § 1334(c)(2) sought to insure that if abstention were granted, there would be a speedy disposition of the dispute. Were I to recommend abstention and dismissal of this proceeding, the debtor would first have to commence a state court action and endure a lengthy trial process. As § 1334(c)(2) did not envision that result, mandatory abstention is not warranted.

### V.

In *In re Earle Industries, Inc.*, 72 B.R. at 135, I concluded that a decision not to abstain was an interlocutory order which a bankruptcy court could enter pursuant to 28 U.S.C. § 157(c)(1) without the need for utilizing the recommendation process to the district court. Subsequently, Bankr.Rule 5011(b) was enacted which requires that all decisions regarding abstention motions be determined in bankruptcy court by a report and recommendation to the district court. *In re Container Transport, Inc.* Thus, I shall recommend to district court that the motion to abstain be denied. I shall also enter an order granting a portion of the motion to dismiss for the reasons stated above.

### ORDER

AND NOW, this 21 day of September, 1988, upon consideration and for the reasons set forth in the accompanying memorandum and report,

it is hereby ORDERED that the motion to dismiss is GRANTED in part and DENIED IN PART. All claims, except those seeking damages for injury to personal property in the debtor's possession at the time of the commencement of her bankruptcy case, are DISMISSED.

---

7. Although the complaint concerns property declared as exempt, that exemption declaration has not been challenged. Therefore, the complaint is not predicated upon 11 U.S.C. § 522(*l*). *See generally In re Grossman*, 80 B.R. 311 (Bankr.E.D.Pa.1987).