**Vasilios HARRITOS and
Patricia A. Harritos**

v.

**Nicholas E. CAMBIO, et al.**

**Civ. A. No. 91–0449 P.**

United States District Court,
D. Rhode Island.

Jan. 13, 1992.

Mark C. Ouellet, Cranston, R.I., for debtors/plaintiffs.

Andrew Hodgkin, Providence, R.I., for Maurice C. Paradis, receiver.

Stuart T. Schrier, Boston, Mass., for Central C.U., Magnano, DiNapoli, Iafrate, Celona, Ciresi, Mancini, Montelcalvo, Cerroni, DiOreo, Pherigo, Russo, Longo.

Paul J. Battista, Providence, R.I., for Cambios.

John G. Hellew, Providence, R.I., for Rustigian & Hellew, Rustigian, Hellew.

R. Daniel Prentiss, Providence, R.I., for Mancini, Montecalvo.

Dennis S. Baluch, Providence, R.I., for Cerroni.

Eva Marie Mancuso, Cranston, R.I., for DiNapoli.

Anthony F. DeMarco, Providence, R.I., for Ciresi.

## ORDER

The parties in this matter have agreed "that the decision of the Bankruptcy Court abstaining from this matter may be affirmed." It is so ordered.

SO ORDERED:

## REPORT AND RECOMMENDATION REGARDING ABSTENTION, AND DENIAL OF MOTIONS TO DISMISS

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Before the Court are two Motions to Dismiss for failure to state a claim on which relief may be granted, and five Motions for Abstention. The twenty-two named Defendants, fifteen of whom are movants herein, are Central Credit Union, its directors, attorneys and other agents of Central. Three other individuals, Domenic DiPasquale, Nicholas E. Cambio and Regina Cambio, are included as Defendants on the ground that they wrongfully acted in concert with certain other Defendants regarding the conveyance of the property which is the subject of this litigation.

For the reasons given below, and pursuant to Bankruptcy Rule 5011(b), we file our Report and Recommendation to the United States District Court for the District of Rhode Island, recommending that the District Court enter a final order abstaining from hearing this Adversary Proceeding.[1] 28 U.S.C. § 1334(c).

Title 28 U.S.C. § 1334(c)(1) provides that discretionary abstention is authorized "in the interest of justice" or "in the interest of comity with State courts or respect for State law." As the basis for our recommendation herein, we agree with and adopt the following portion of Mancini and Montecalvo's memorandum in support of their motion for abstention:

In this adversary proceeding, the plaintiffs have made claims against a Rhode Island-chartered credit union and its directors, among others. The credit union, Central Credit Union (hereinafter, "Central"), is insured by Rhode Island Share and Deposit Indemnity Corporation ("RISDIC"), and is one of those ordered closed by Rhode Island Governor Bruce Sundlun on January 1, 1991. A permanent receiver has been appointed for Central. Central and its directors have been served with consolidated complaints, on behalf of all Central's depositors and members, in the so-called "RISDIC Litigation" pending in Rhode Island Superior Court. The many defendants herein, Salvatore Mancini and John Montecalvo, are a former director and director of Central, respectively. The plaintiffs here are "depositors/members and mortgagors" of Central.

The RISDIC Litigation is an unprecedentedly complex, comprehensive rubric under which all claims of depositors, share holders, members and others against the closed RISDIC financial institutions are being litigated. The proceedings are being presided over by Superior

---

1. We are mindful that under new Federal Bankruptcy Rule 5011, effective August 1, 1991, the Bankruptcy Court is no longer required to file a report and recommendation with the District Court on abstention motions, but may issue final orders under 28 U.S.C. § 1334(c). While the new Rule 5011 may apply "insofar as [is]

just and practicable" to bankruptcy cases pending at the time of the effective date (Order of the Supreme Court authorizing amendments to FED.R.BANKR.P. at ¶ 3 (April 30, 1991)), it does not appear that a retroactive application of the Rule is necessary in this instance.

Court Associate Justice Robert Krause, whose goal is to provide a single forum, with overall coordination to achieve the most efficient, expeditious, and efficacious resolution possible of the extraordinary array of claims and allegations.

There being no dispute as to the accuracy or correctness of the above representations, we are satisfied that they provide a solid reason for this Court to step aside, and would defer to the Superior Court, which is knee deep in and very familiar with this litigation already.

In light of our recommendation to abstain, the pending Motions to Dismiss are rendered moot, and they are denied for that reason.[2]

Dated at Providence, Rhode Island, this 13th day of August, 1991.

---

**2.** Said dismissals are made conditionally, of course, upon the District Court's adoption of our recommendation to abstain.