**In re ARID WATERPROOFING, INC., Debtor.**

**ARID WATERPROOFING, INC., Plaintiff,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF GENERAL SERVICES, Defendant.**

Bankruptcy No. 93–13014F.
Adv. No. 93–0868F.

United States Bankruptcy Court, E.D. Pennsylvania.

May 3, 1994.

Glenn D. DeSantis, James J. Gillespie, Jr., Takacs & DeSantis, Philadelphia, PA, for debtor/plaintiff.

Jose E. Morales, Asst. Counsel, Office of Chief Counsel, Com. of Pennsylvania, Dept. of General Services, Harrisburg, PA, for defendant.

## MEMORANDUM

BRUCE I. FOX, Bankruptcy Judge:

Before me are two motions filed by the defendant, Commonwealth of Pennsylvania Department of General Services. One motion seeks dismissal the above-captioned adversary proceeding; the second motion requests that abstention be granted. The plaintiff/debtor opposes both requests for relief.

For the following reasons, I conclude that abstention is warranted.

### I.

#### A.

On November 17, 1993, the debtor initiated this adversary proceeding against the defendant. The complaint alleges that the defendant "is an agency of the Commonwealth of Pennsylvania . . . ." Complaint, ¶ 2. It fur-

ther avers that the debtor and the defendant entered into a contractual relationship in January 1991 whereby the debtor was to perform construction work on a parking garage located at the State Office Building in Philadelphia, PA.

The debtor asserts that, although the amount specified in the January 1991 contract was paid, the Department of General Services agreed to or, because of its conduct, should be held responsible for an additional $316,452.00 rightfully due under the contract. Accordingly, the complaint seeks damages in that amount.

The complaint maintains that this proceeding is core, pursuant to section 157(b)(2). *See* Fed.R.Bankr.P. 7008(a).

The defendant has filed an answer admitting certain of the plaintiff's allegations but denying others, and denying any liability. In addition, the defendant asserts in its answer that any damage recovery against it is prohibited by the Eleventh Amendment. Furthermore, it denies that this proceeding is core. *See* Fed.R.Bankr.P. 7012(b).

#### B.

On the same date that the defendant filed its answer to this complaint, it filed the two motions presently at issue. The first, a motion to abstain, alleges that two days prior to the debtor's commencement of this proceeding, the debtor filed a complaint against the Department of General Services with the Board of Claims of the Commonwealth of Pennsylvania.[1] That complaint seeks precisely the same monetary relief, for the same reasons, as that sought in this proceeding.

The defendant requests that I abstain in favor of the Board of Claims, pursuant to 28 U.S.C. § 1334(c)(1) and (c)(2). The debtor responds that the prerequisites for mandatory abstention have not been established, in that this is a core proceeding and the Board of Claims cannot timely adjudicate this litigation. *See generally In re Container Trans-*

---

1. The duty of this board is to "arbitrate claims against the Commonwealth arising from contracts entered into by the Commonwealth . . . ." 72 P.S. § 4651–1. It has "exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more." 72 P.S. § 4651–4.

*port, Inc.,* 86 B.R. 804, 806 (E.D.Pa.1988). It further opposes discretionary abstention by suggesting that a prompt adjudication of this proceeding is important to the debtor's ability to reorganize.

The second motion is defendant's request that this proceeding be dismissed because the Eleventh Amendment bars any recovery in this court. The debtor counters by arguing that any immunity which the defendant had was waived by the Commonwealth's filing a proof of claim in this chapter 11 case.

At the hearing held on these motions, the Commonwealth conceded that its Department of Revenue filed a proof of claim for $113.00 on August 13, 1993. This claim states that it was filed under 72 P.S. § 7601 for an unpaid "capital stock-franchise tax." (Proof of Claim, filed August 13, 1993, docketed at #25.)[2]

## II.

### A.

Defendant's sole basis for dismissal is the Eleventh Amendment. To determine whether Eleventh Amendment immunity applies in this instance requires a multipart analysis.

As explained by the Third Circuit Court of Appeals, the Eleventh Amendment "protect[s] an unconsenting state from 'suit in federal court by its own citizens as well as those of another state.'" *Bolden v. Southern Pennsylvania Transp. Auth.,* 953 F.2d 807, 813 (3d Cir.1991) (en banc), *cert. denied,* —— U.S. ——, 112 S.Ct. 2281, 119 L.Ed.2d 206 (1992) (*quoting Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984)). The lawsuits from which the state is protected are those "'by private parties seeking to impose a liability which must be paid from public funds in the state treasury.'" *Id.,* at 814 (quoting *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974)).

In this proceeding, there is no dispute that the debtor seeks the recovery of damages and that these damages represent an alleged accrued monetary liability. Thus, the relief sought is the type of litigation from which states are protected by the Eleventh Amendment. *E.g., Edelman v. Jordan.*

Many reported decisions concerning the Eleventh Amendment address whether the defendant is the alter ego of the state. If not, then the Eleventh Amendment is not applicable. *See, e.g., Bolden v. Southern Pennsylvania Transp. Auth.* Alter ego status is determined, in general, by considering whether an adverse judgment would be paid by the state, the status of the agency sued, and the autonomy of the agency. *Id.,* at 816; *Fitchik v. New Jersey Transit Rail Operations, Inc.,* 873 F.2d 655, 659 (3d Cir.), *cert. denied,* 493 U.S. 850, 110 S.Ct. 148, 107 L.Ed.2d 107 (1989).

In the instant proceeding, the debtor has not suggested that the Department of General Services, whose duties include the construction and improvement of state buildings, 71 P.S. § 631.1(2), is not an alter ego of the state. Therefore, a federal lawsuit for damages against this state department would be barred by the Eleventh Amendment. *Accord Huston v. Stauffer,* 496 F.Supp. 790, 792 (M.D.Pa.1980); *see Clyde v. Thornburgh,* 533 F.Supp. 279 (E.D.Pa.1982) (damage claim against the Secretary of Department of General Services in his official capacity is barred by the Eleventh Amendment); *HBE Leasing Corp. v. Northeastern Pa. Health Corp.,* 678 F.Supp. 493 (M.D.Pa.1988) (third party damage suit for lease payments against the Commonwealth Department of Public Welfare is barred by the Eleventh Amendment); *Ruman v. Com. of Pa., Dept. of Revenue,* 462 F.Supp. 1355 (M.D.Pa.), *aff'd without op.,* 612 F.2d 574 (3d Cir.1979), *cert. denied,* 446 U.S. 964, 100 S.Ct. 2939, 64 L.Ed.2d 823 (1980) (damages cannot be obtained against the Commonwealth Department of Revenue and Bureau of State Lotteries under the Eleventh Amendment).

However, Eleventh Amendment immunity may be abrogated or waived. Waiver

---

**2.** This state statute essentially imposes a tax upon corporations for the privilege of the right to do business in the Commonwealth.

may occur through the consent of the State, if sufficiently express, *see generally Ruman v. Com. of Pa., Dept. of Revenue,* or the federal government, also acting explicitly, may abrogate this immunity. *E.g., Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). At bottom, the debtor contends that the Commonwealth of Pennsylvania, by filing a proof of claim in this bankruptcy case, has waived its immunity in this proceeding.

### B.

■ Before I turn to the waiver issue as posed by the debtor, I should consider a related issue.

Although the defense of Eleventh Amendment immunity was raised in the defendant's answer, in its motion to dismiss and in its supporting memorandum of law, at oral argument counsel for the defendant agreed with counsel for the debtor that if the Commonwealth filed a bankruptcy proof of claim it waived its Eleventh Amendment immunity from suit in this court.

As will be discussed below, this legal position is imprecise. Therefore, the question becomes whether the Commonwealth should be held bound by its counsel's position.

■ Sovereign immunity is a component of the jurisdiction of federal courts to resolve disputes against governmental entities. Accordingly, it cannot be waived by the failure of that entity to assert the defense at a preliminary stage. *Accord, e.g., United States v. United States Fidelity & Guaranty Co.,* 309 U.S. 506, 513–14, 60 S.Ct. 653, 656–57, 84 L.Ed. 894 (1940) (issues of sovereign immunity affect the jurisdiction of a federal court and may be raised as a defense at any time); *In re University Medical Center,* 973 F.2d 1065, 1085 (3d Cir.1992).

■ Although Eleventh Amendment immunity is not precisely the same as federal sovereign immunity, it is similar enough that it too has been held as generally not waivable, even if not raised in the trial court. *Accord, e.g., Edelman v. Jordan,* 415 U.S. at 678, 94 S.Ct. at 1363; *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945). As noted in

*Alessi v. Com. of Pa., Dept. of Public Welfare,* 893 F.2d 1444, 1454 (3d Cir.1990) (Becker, J., concurring and dissenting):

Thus, "the failure of attorneys representing the state to assert the (Eleventh Amendment) defense does not waive it," ... even if the defense is asserted for the first time in the Supreme Court itself.

*(quoting* P. Bator, *et al., Hart & Wechsler's The Federal Courts and the Federal System* 1213 (3d ed. 1988)).

As explained by the Third Circuit more recently,

The Supreme Court has held, however, that the Eleventh Amendment defense is not "jurisdictional in the sense that it must be raised and decided by [the] Court on it own motion...." Instead, the Court has suggested that when the Eleventh Amendment question is not raised by the parties, the Court may determine whether to raise and decide the question based on what is "appropriate" in each particular case.

*Bolden v. Southern Pennsylvania Transp. Auth.,* 953 F.2d at 812 *(quoting Patsy v. Florida Bd. of Regents,* 457 U.S. 496, 516 n. 7, 102 S.Ct. 2557, 2568 n. 7, 73 L.Ed.2d 172 (1982)).

Had the Commonwealth not originally raised this issue, I may not have considered it *sua sponte.* But it has done so. In addition, if it can raise the issue for the first time on appeal, I see no reason why it cannot retreat at some later time from its counsel's oral position concerning the effect of filing a proof of claim on its immunity in a federal court.

In other words, counsel's statement made at oral argument was not to the effect that the Commonwealth knowingly waived its immunity in this proceeding. *Compare WJM, Inc. v. Massachusetts Dept. of Public Welfare,* 840 F.2d 996, 1004 (1st Cir.1988) (If the State's "attorney had announced to the court and to the parties, 'We hereby waive our defense based on the Eleventh Amendment', there could hardly be any objection to holding the Department to its word"); *Keenan v. Washington Metro. Area Transit Authority,* 643 F.Supp. 324, 331 (D.D.C.1986) (discussing the limited power of counsel to waive

Eleventh Amendment immunity). Rather, the concession was equivalent to trial counsel's failure to raise immunity as an affirmative defense to suit because he believed erroneously that the defense was not valid. If, in that latter instance, the Commonwealth would be free to press the immunity issue for the first time on appeal, thus suggesting that its trial counsel was in error initially in not raising the defense at that time, it seems to me that the Commonwealth could also assert the immunity issue on appeal by arguing that trial counsel's oral statement was legally incorrect. If it did so, and if it possesses Eleventh Amendment immunity, the result could be a pointless trial on the merits.

As both the plaintiff and the defendant have filed their memoranda expressly addressing the immunity question, no party would be prejudiced if counsel's concession is ignored. Accordingly, I believe it appropriate to consider the Eleventh Amendment issue.

### C.

The debtor maintains that the proof of claim filed by the Commonwealth Department of Revenue constitutes a waiver[3] of Eleventh Amendment immunity by the Commonwealth in general, and the Department of General Services in particular.[4] Although this position has some support in a decision issued by my colleague in *In re Saint Joseph's Hosp.*, 103 B.R. 643, 650 (Bankr. E.D.Pa.1989) (Scholl, B.J.) (the filing of a

proof of claim "waives any element of immunity under the Eleventh Amendment"), it is overbroad. *Accord, e.g., In re Four Seasons Care Centers, Inc.*, 119 B.R. 681, 684 (Bankr. D.Minn.1990); *see In re University Medical Center*, 973 F.2d at 1086.

■ As the Supreme Court instructed in *Hoffman v. Conn. Dept. of Income Maintenance*, 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989), Congress may "abrogate the States' Eleventh Amendment immunity from suit in federal court", but to do so, it "must make its intention 'unmistakably clear in the language of the statute'." *Id.*, at 101, 109 S.Ct. at 2822 (*quoting Atascadero State Hospital v. Scanlon*, 473 U.S. at 242, 105 S.Ct. at 3147). Insofar as damage suits are concerned, 11 U.S.C. § 106(c) does not abrogate Eleventh Amendment immunity from damage lawsuits.[5] *See, e.g., In re Gustafson*, 934 F.2d 216 (9th Cir.1991); *In re Saunders*, 105 B.R. 781, 789 (Bankr.E.D.Pa.1989); *see also Davis v. I.R.S.*, 136 B.R. 414 (E.D.Va. 1992) (federal immunity from damage suits is not abrogated by section 106(c)).

Sections 106(a) and (b) of the Code, however, state as follows:

(a) A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

---

**3.** Although section 106(a), as well as some courts, have expressed the issue as whether the filing of a proof of claim "waives" immunity, *e.g., WJM, Inc. v. Massachusetts Dept. of Public Welfare*, 840 F.2d 996, 1002 (1st Cir.1988), one might argue that application of the provisions of section 106 of the Code should be considered as an "abrogation" of immunity, rather than as a true "waiver."

**4.** I shall assume as correct the debtor's implicit position that the filing of a proof of claim by one state department may abrogate an immunity right that could be raised by another state department. *Compare In re St. Mary Hosp.*, 125 B.R. 422 (Bankr.E.D.Pa.1991) (filing of a proof of claim by one state agency waives immunity from suit as to another state agency) *with In re Four Seasons Care Centers, Inc.*, 119 B.R. 681 (Bankr.D.Minn.1990) (proof of claim filed by Minnesota Department of Revenue did not abro-

gate immunity in suit against state Department of Human Services).

**5.** Four Justices in dissent in *Hoffman* suggested that section 106(c) did waive a State's immunity from bankruptcy suits based upon Code provisions containing the trigger words "creditor", "entity" or "governmental unit." The debtor's complaint in this proceeding does not rely upon any specific Code provision for recovery. Thus, even the dissent's analysis in *Hoffman* would not render section 106(c) applicable in this proceeding.

To the extent the debtor's complaint implicitly relies upon section 542(b) of the Code, which does contain one of the three trigger words, a majority of the Court expressly rejected the application of section 106(c) to suits under section 542(b). *United States v. Nordic Village, Inc.*, 503 U.S. 30, ——, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992).

178

(b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.

■ By their express terms, Congress has abrogated immunity in damage claims asserted against governmental entities that have filed proofs of claim in a bankruptcy case. However, by virtue of section 106(a), immunity is completely dissolved only when the governmental entity files a proof of claim *and* the bankruptcy estate's claim against that governmental entity "arose out of the same transaction or occurrence" as the entity's claim against the estate. *Accord In re Town & Country Home Nursing Services, Inc.,* 963 F.2d 1146, 1150 (9th Cir.1992) ("section 106(a) unambiguously waives sovereign immunity for compulsory counterclaims brought in response to a 'claim' by a governmental unit"); *see In re University Medical Center,* 973 F.2d at 1086; *Davis v. I.R.S.,* 136 B.R. at 420; *U.S. By and Through Farmers Home Admin. v. Ketelsen,* 104 B.R. 242, 253 (D.S.D.1988), *aff'd,* 880 F.2d 990 (8th Cir. 1989).

> As interpreted by the Supreme Court: Subsections (a) and (b) of § 106 meet this "unequivocal expression" requirement with respect to monetary liability. Addressing "claims(s)", which the Code defines as "right(s) to payment", 11 U.S.C. § 101(4)(A), they plainly waive sovereign immunity with regard to monetary relief in two settings: compulsory counterclaims to governmental claims, 11 U.S.C. § 106(a); permissive counterclaims to governmental claims capped by a setoff limitation, 11 U.S.C. § 106(b).

*United States v. Nordic Village, Inc.,* 503 U.S. 30, ——, 112 S.Ct. 1011, 1015, 117 L.Ed.2d 181 (1992).

Thus, it is correct to state that section 106 does abrogate a State's Eleventh Amendment immunity from damage suits in bankruptcy cases where the State files a proof of claim. It is incorrect, though, to conclude that the abrogation is total whenever a proof of claim is filed. On the contrary, unless there is a sufficient nexus between the claim filed by the State and the proceeding brought against the State, the abrogation of immunity is only partial and is limited to an offset against the amount sought in the State's proof of claim. *See, e.g., In re Braniff Airways, Inc.,* 42 B.R. 443, 450 (Bankr. N.D.Tex.1984) ("The sole purpose of Section 106(b), however, is to create a partial waiver of the sovereign immunity of a governmental unit").

■ Here, the debtor has asserted a claim for an alleged prepetition breach of a construction contract by the Commonwealth. The state's claim, though, is for an allegedly unpaid corporate franchise tax. The two claims obviously do not arise from the same transaction or occurrence. *Accord WJM, Inc. v. Massachusetts Dept. of Public Welfare,* 840 F.2d at 1003–04 ("We fail to see how the nursing homes' claims against DPW, arising from their mutual contractual and financial dealings, can be said to have arisen out of 'the same transaction or occurrence out of which' the Department of Revenue's back tax claims against the [nursing] homes arose"); *see, e.g., In re Rhodes,* 155 B.R. 491, 495 (W.D.Ark.1993) (damages caused by governmental unit's violation of the bankruptcy stay is offset, under section 106(b), against the proof of claim for unpaid taxes); *In re Saunders,* 105 B.R. at 789 (claim by the debtor that a governmental entity improperly discriminated under section 525(a) did not arise out of the same transaction as a breach of a prepetition student loan obligation). *Compare U.S. By and Through Farmers Home Admin. v. Ketelsen* (section 106(a) applied to suit by the debtors against governmental entity to recover funds obtained by that entity postpetition which reduced its proof of claim).

Accordingly, the contention of the debtor regarding the effect of the Commonwealth's proof of claim is imprecise. The Eleventh Amendment immunity of the Commonwealth Department of Goods and Services has been abrogated by its filing a proof of claim only as to the amount of its asserted claim—$113.00. *See Davis v. I.R.S.,* 136 B.R. at 420–23 (section 106(b) only waives immunity to permit an offset against the proof of claim

filed, and does not permit any affirmative recovery); *In re Braniff Airways, Inc.*[6]

### III.

### A.

Were Eleventh Amendment immunity not abrogated at all, so that all relief was barred, then this proceeding would be dismissed. *E.g., Hoffman v. Conn. Dept. Of Income Maintenance; Hankerson v. U.S. Dept. of Educ.,* 138 B.R. 473 (E.D.Pa.1992); *HBE Leasing Corp. v. Northeastern Pa. Health Corp.* Here, though, the plaintiff, in theory, may recover up to $113.00, because it has the right to setoff if it prevails. Thus, defendant's motion to dismiss due to its immunity from damage suit cannot be granted. *See In re Cook United, Inc.,* 117 B.R. 301 (Bankr. N.D.Ohio 1990).

However, the defendant has also filed a motion to abstain in favor of the Commonwealth Board of Claims, as is permitted by Fed.R.Bankr.P. 5011(b).[7]

■ Because only noncore proceedings may be subject to mandatory abstention (if the other statutory requirements are met) under 28 U.S.C. § 1334(c)(2), *see, e.g., In re Reed,* 94 B.R. 48, 53–54 (E.D.Pa.1988); *In re Container Transport, Inc.,* 86 B.R. at 806, the debtor argues that this is a core proceeding. I disagree. A core proceeding has been defined as:

> a " 'proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.' "

*In re Marcus Hook Development Park, Inc.,* 943 F.2d 261, 267 (3d Cir.1991), *quoting Beard v. Braunstein,* 914 F.2d 434, 444 (3d Cir.1990), *quoting Matter of Wood,* 825 F.2d 90, 97 (5th Cir.1987).

This adversary proceeding is simply a prepetition contract action against the state,

based upon nonbankruptcy law, and is clearly noncore. *See, e.g., Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); *Beard v. Braunstein,* 914 F.2d at 445; *In re Reed,* 94 B.R. at 54. The breach of contract occurred prior to bankruptcy; the litigation is not based upon a substantive bankruptcy right; nor could the litigation only arise in a bankruptcy case. Indeed, the debtor here has brought suit in a state administrative forum as authorized by state law.

■ Nonetheless, abstention under section 1334(c)(2) is not required in all non-core proceedings; otherwise, the provision of 28 U.S.C. § 157(c)(1)—authorizing bankruptcy judges to issue recommendations in non-core proceedings—would be ineffective. As noted in *In re Reed,*

> In order for mandatory abstention to apply, the defendants must demonstrate that: (1) a timely motion is made; (2) the proceeding is based upon a state law claim or a state law cause of action; (3) the proceeding is related to a case under Title 11; (4) the proceeding does not arise under Title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

94 B.R. at 54.

Here, the first five prerequisites to mandatory jurisdiction have been demonstrated. However, as to the sixth requirement, while there was evidence that virtually identical litigation has been commenced before the Commonwealth Board of Claims, there has been no showing that the Board of Claims can timely resolve this dispute. No evidence on this point was offered, and counsel differed in their oral arguments on the length of

---

**6.** To the extent that the debtor argues that the existence of bankruptcy court jurisdiction over a proceeding—be it core or noncore—constitutes a waiver of Eleventh Amendment immunity, that argument has been expressly rejected by the Supreme Court. *U.S. v. Nordic Village Inc.,* 503 U.S. at ———, 112 S.Ct. at 1016–17.

**7.** Under the recent amendment to this procedural rule, bankruptcy courts need no longer issue recommendations in abstention motions. *See* Advisory Committee Note (1991); L. King, 8 *Collier on Bankruptcy,* ¶ 5011.02[2] (15th ed. 1994).

time resolution would take. Absent a showing that the proceeding will be timely resolved, mandatory abstention is not warranted. *In re Pacor, Inc.*, 72 B.R. 927, 932 (Bankr.E.D.Pa.1987), *aff'd*, 86 B.R. 808 (E.D.Pa.1988); *see Dunkirk Ltd. Partnership v. TJX Companies, Inc.*, 139 B.R. 643 (N.D.Ohio 1992); *In re Reed; In re Container Transport, Inc.*

Therefore, mandatory abstention under section 1334(c)(2) has not been demonstrated.[8]

### B.

But that conclusion does not end the inquiry.

■■■ 28 U.S.C. § 1334(c)(1) permits a court to exercise its discretion and abstain from hearing a proceeding in the interest of justice or comity. The fact that all elements of mandatory abstention have been met except one, and as to that one element—the issue of timely adjudication—there was no evidence, supports the application of discretionary abstention. *E.g., In re Titan Energy, Inc.*, 837 F.2d 325, 333 n. 14 (8th Cir. 1988); *In re Futura Indus., Inc.*, 69 B.R. 831, 834 (Bankr.E.D.Pa.1987).

Further, the fact that only a small fraction of the damages sought in this proceeding could be awarded to the debtor justifies the imposition of discretionary abstention under the interest of justice and comity standard. *See Harritos v. Cambio*, 136 B.R. 26 (D.R.I. 1992) (abstention granted as single forum for all parties could only be achieved in state court); *In re Marine Iron & Shipbuilding Co.*, 104 B.R. 976 (D.Minn.1989) (only state court could hear the entire dispute so discretionary abstention was warranted); *In re Pyramid Operating Authority, Inc.*, 144 B.R. 795, 830 (Bankr.W.D.Tenn.1992) (request to abstain granted as "all parties necessary to afford complete relief are not properly before

the Bankruptcy Court"). It would be unfair to both parties to require them to prove their positions both here and in the state administrative forum. Since the state Board of Claims can award the debtor the entire relief its seeks, if such relief is proven, and this court cannot, the interest of justice supports abstention. Moreover, comity supports a decision relegating the parties to the exclusive state forum which was available at the time their contract was signed. *See generally Gorse v. Long Neck, Ltd.*, 107 B.R. 479, 482 (D.Del.1989).

While I appreciate the debtor's position that a successful recovery on its lawsuit against the Commonwealth would be very useful in its reorganization efforts, a complete resolution must occur before the state Board of Claims. *See also HBE Leasing Corp. v. Northeastern Pa. Health Corp.*, 678 F.Supp. at 495 (Commonwealth's Board of Claims is the appropriate forum). As it would be pointless to retain jurisdiction over this proceeding for a possible offset of $113.00, the motion to abstain shall be granted under section 1334(c)(1).

Therefore, an appropriate order abstaining from this proceeding shall be entered.

### ORDER

AND NOW, this 3rd day of May 1994, for the reasons stated in the accompanying memorandum, it is hereby ordered that the defendant's motion to dismiss based upon Eleventh Amendment immunity is denied.

It is further ordered that the defendant's motion to abstain pursuant to 28 U.S.C. § 1334(c)(1) is granted. This adversary proceeding is dismissed.

---

8. There is a difference of opinion among reported decisions regarding the party who bears the burden of persuasion on the timeliness issue. Should it be the movant who seeks abstention? *See In re Burgess*, 51 B.R. 300, 302 (Bankr. S.D.Ohio 1985). Or should it be the defendant, who desires that the bankruptcy court retain jurisdiction? *See Acolyte Elec. Corp. v. City of*

*New York*, 69 B.R. 155, 180 (Bankr.E.D.N.Y. 1986). As abstention is the exception to the principle that a federal court should exercise jurisdiction, *see In re Earle Industries, Inc.*, 72 B.R. 131, 134 (Bankr.E.D.Pa.1987), I believe the burden should be placed upon the abstention movant. *In re Pacor, Inc.*, 72 B.R. at 932.