**In re Karen Renee ROSEMOND, Debtor.**

**Bankruptcy No. 89–01608. Motion No. 89–4237–M.**

United States Bankruptcy Court, W.D. Pennsylvania.

Sept. 22, 1989.

Verdell Dean, Pittsburgh, Pa., for Allegheny Housing Rehabilitation Corp.

Paul W. O'Hanlon, Pittsburgh, Pa., for debtor.

Lawrence N. Ravick, Pittsburgh, Pa., Trustee.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD, Bankruptcy Judge.

The matter before the court is a Motion for Relief from Stay filed on behalf of Allegheny Housing Rehabilitation Corporation (hereinafter . AHRCO) against Karen Renee Rosemond (hereinafter Debtor). AHRCO is a privately owned real estate management and development firm which manages an apartment building owned by Mrs. and Mrs. Milton Washington. Mr. Washington is the president of AHRCO. Debtor, a Section 8 tenant, has a rental obligation of $15.00 per month to AHRCO.

Since 1984 Debtor has paid her $15.00 monthly rental on only 18 occasions.

In November of 1988 AHRCO filed a complaint before a district justice seeking possession of the leased premises for non-payment of rent. On November 30, 1988 judgment was entered in favor of AHRCO for possession, rent and costs. AHRCO and Debtor arranged a payment plan which Debtor ultimately did not complete. Thereafter, AHRCO obtained an order for possession pursuant to the November 30, 1988 judgment. The Debtor was to have vacated the property by June 15, 1989, but on June 14, 1989, she filed this Chapter 7 petition, thereby effecting a stay of eviction. On the date of filing Debtor owed approximately $500.00 in pre-petition rent and costs, a portion of which is represented by the judgment. Although Pennsylvania District Justice Rule 518 allows a tenant in Debtor's position to satisfy an order for possession and continue tenancy prior to eviction by paying the arrearages and costs, Debtor has not done so. Debtor has an inability to cure the default. Her income, which is $384.00 a month plus food stamps, would not enable her to pay the amounts owed and she was not able to do so upon her post-judgment agreement with AHRCO.

A hearing was held on July 27, 1989, on AHRCO's Motion for Relief from Stay although Debtor did not file an answer. Subsequently the Trustee informed the court that he had been advised that Debtor had a lease for the property. He noted that the "Schedules do not reflect this as an executory contract" but rejected it as of no benefit to the estate to the extent it existed.[1] We conclude that AHRCO is entitled to relief from stay.

Debtor argues that AHRCO is a governmental unit for purposes of the Bankruptcy Code's antidiscrimination clause, 11 U.S.C. § 525(a). Debtor contends that AHRCO's motion is an attempt to force her to pay the rent arrearages or to reaffirm a dischargeable debt in order to remain in possession of the premises and that this violates § 525. We find her arguments to be without merit.

For purposes of § 525 AHRCO does not fall within the Bankruptcy Code's definition of "governmental unit." 11 U.S.C. § 101(26). Rather, it is "a privately owned entity which participates in a federally regulated public housing program." *In Re Lutz*, 82 B.R. 699, 702–03 (Bankr.M. D.Pa.1988). Section 525 has no application to private persons or entities except in the employment context. Thus, *In Re Szymecki*, 87 B.R. 14 (Bankr.W.D.Pa.1988), and *In Re Sudler*, 71 B.R. 780 (E.D.Pa. 1987), cited by Debtor, are inapposite. AHRCO is entitled to be treated as any other private landlord. It has established that Debtor's lease was terminated pre-petition,[2] and has not requested payment of arrearages. AHRCO indicated at the hearing that it seeks only possession and that it would not accept a reaffirmation from Debtor. Moreover, the discharge merely prohibits the landlord from collecting the debt from the Debtor and does not constitute a cure of the default whether or not § 525 is utilized. *In Re Lutz*, 82 B.R. at 705. Thus, we find that AHRCO is not subject to § 525 and is not pursuing collection of a dischargeable debt.

Further, even if the lease were viable, the Trustee rejected it and it has reverted to the Debtor, putting her in the same position, vis-a-vis AHRCO, as she was pre-petition. Therefore, Debtor is left with

---

1. The Creditors' Meeting had not been conducted at the time of the Trustee's communication with the court because Debtor failed to appear at the scheduled meeting and another had to be set. No explanation has been offered by Debtor as to why she failed to disclose what she contends is an existing lease on the statement of executory contracts as required by Bankruptcy Rule 1007(b)(1).

2. The Landlord and Tenant Act permits a landlord to give a tenant a written notice to quit the premises "upon forfeiture of the lease for breach of its conditions." 68 P.S. § 250.501. A judgment for possession confirms termination for breach. Additionally, in the instant case, AHRCO was required to follow procedures established by HUD before termination could result. Debtor does not dispute that AHRCO complied with all applicable termination procedures.

nonbankruptcy remedies, which are to cure the default or to vacate the premises. District Justice Rule 518, 42 Pa.C.S.A. These remedies apply after relief from stay is awarded.

Pursuant to § 362(d)(2), the court "shall grant relief from the stay provided under subsection (a) ...:

"(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(3) such property is not necessary to an effective reorganization."

AHRCO established that Debtor is in substantial default, has no equity in the leasehold, and does not need it to reorganize because this proceeding is a Chapter 7 liquidation. 11 U.S.C. § 362(d)(2)(A), (B). Thus, relief from the automatic stay must be granted. *Id.*

An appropriate order will be entered.

### ORDER

And now, to-wit, this 22nd day of September, 1989, for the reasons set forth in the foregoing Memorandum Opinion and after the hearing on the complaint for Relief from Stay filed on behalf of Allegheny Housing Rehabilitation Corporation, it is

ORDERED, ADJUDGED AND DECREED that the motion is GRANTED and the automatic stay is terminated as to Movant Allegheny Housing Rehabilitation Corporation.