**In re Janice Faye RODALL, Debtor.**

**Bankruptcy No. 93–814–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 7, 1994.

Charlotte A. Coats, Jacksonville, FL, for debtor.

Jason B. Burnett, Jacksonville, FL, for Carolina Arms.

Gordon Jones, Jacksonville, FL, Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon motion of debtor to assume lease. Carolina Arms Limited Partnership objected to debtor's motion and on October 13, 1994, the Court held a hearing. Upon the evidence presented, the Court makes the following findings of fact and conclusions of law:

#### Findings of Fact

Prior to filing her petition, debtor leased an apartment from Carolina Arms Limited Partnership ("Carolina Arms"). Debtor's rent is subsidized by the federal department of Housing and Urban Development through direct payments to Carolina Arms. On November 18, 1992, a fire caused approximately $8,000.00 damage to the apartment. On November 23, 1992, Carolina Arms demanded payment of $7,500.00 for fire damage from debtor. The demand letter states that if debtor did not cure the default under her lease caused by failure to pay for repairs to the apartment within 30 days the lease would terminate.

In January, 1993, Debtor vacated her apartment to allow Carolina Arms to repair the damage. On January 27, 1993, Carolina Arms sent a letter terminating debtor's tenancy and giving her 30 days or until February 28, 1993, to vacate. At the same time, Carolina Arms demanded payment of $2,500.00 for the costs of repairs not reimbursed by insurance.

On February 19, 1993, debtor filed a voluntary petition for relief under chapter 7. Debtor listed the debt for the damages owed to Carolina Arms as unsecured. In amended schedule G, the lease for her apartment was listed as an executory contract.

After debtor filed her petition, her attorney sent a letter to Carolina Arms, informing

the creditor that debtor had filed a petition in bankruptcy and requesting that debtor be permitted to resume her residency. Carolina Arms refused to allow debtor to resume occupancy of the apartment. On March 8, 1993, debtor filed a motion for sanctions for violation of the automatic stay. This Court ruled on April 21, 1993, that Carolina Arms had committed a willful violation of the stay and ordered Carolina Arms to permit debtor to resume residency at the apartment, required debtor to continue making monthly rental payments, and modified the stay to the extent of allowing either party to bring an action in state court. The Court left the stay otherwise in place to protect debtor's possessory interest, staying enforcement of any writ of eviction entered in state court until debtor received her discharge.

On June 11, 1993, this Court granted debtor a discharge. Debtor filed her motion to assume the lease on the apartment April 21, 1993.

### Conclusions of Law

■ Debtor filed the motion to assume lease to maintain her federal subsidy and preserve her family's residence. Should the lease be rejected and terminated debtor claims she will lose her subsidy, leaving her and her children homeless. Debtor also asserts that she cannot pay for the repairs to the apartment, and to force her to pay this discharged debt constitutes discrimination which is prohibited by § 525 of the code.

Upon filing a petition, all interests in property of the debtor become part of the estate. 11 U.S.C. § 541. Pursuant to § 541 the rights of the debtor under the lease are property of the estate.

In a chapter 7, a trustee is appointed to liquidate the estate property as expeditiously as possible. 11 U.S.C. § 701; 11 U.S.C. § 702; 11 U.S.C. § 704. To facilitate liquidation, the code provides the trustee with the ability to avoid certain transfers, abandon burdensome property, and to assume or reject an executory contract or unexpired lease. 11 U.S.C. § 547; 11 U.S.C. § 548; 11 U.S.C. § 554; 11 U.S.C. § 365. Section 365 provides in relevant part:

> (a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the *trustee*, subject to the court's approval, may assume or reject an executory contract or unexpired lease of the debtor. (emphasis added).

In the reorganization chapters of the code, a *debtor* is specifically given the authority to assume an executory contract or unexpired lease. 11 U.S.C. § 1322; 11 U.S.C. § 1107. There is no corresponding provision in the code for a chapter 7 debtor.

Sections 1322 and 1107 of the code indicate that when Congress intended for the debtor to have the authority to assume or reject a contract or lease it expressly provided the debtor with that authority. Support for this proposition is found in § 522(h)[1] which allows the debtor to act when the trustee does not, indicating that when Congress wished for the debtor to have the authority to act it specifically provided for it.

In addition to failing to provide the debtor with the right to assume or reject an executory contract or unexpired lease in a chapter 7 case, Congress provided for rejection by operation of law upon the trustee's failure to act. Section 365(d)(1) states in relevant part:

> In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, ... then such contract or lease is deemed rejected.

In contrast to § 522, Congress did not give the debtor the ability to act upon the trustee's failure to assume or reject the contract or lease, rather the code provides for the expiration of the right when the trustee fails

---

1. Section 522(h) states in relevant part:
"the debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee ... or recoverable by the trustee; and
(2) the trustee does not attempt to avoid such transfer."

to take action. This too supports the proposition that Congress did not intend to give the chapter 7 debtor the ability to assume or reject a contract or lease.

In this case, the trustee rejected the lease by failing to act within 60 days. Ordinarily, a trustee will assume a lease obligation if it provides some benefit to the estate. Presumably, the trustee believed that debtor's residence did not provide a benefit to the estate and did not file a motion to assume the lease.

■ The failure of the trustee to assume debtor's lease amounts to a rejection of the lease and upon rejection, the lease is no longer part of the estate. *In re Reed,* 94 B.R. 48 (E.D.Pa.1988) (rejection results in abandonment to the debtor so the property is no longer property of the estate and the court loses jurisdiction over the property). Because the lease is not property of the estate, the Court no longer has jurisdiction over that property and debtor is left with the rights and remedies provided under non-bankruptcy law. *Id.; In re Rosemond,* 105 B.R. 8 (Bankr.W.D.Pa.1989) (upon trustee's rejection debtor is in the same position with respect to the lease as she would have been absent bankruptcy).

The Court concludes that a chapter 7 debtor does not have standing to assume an unexpired lease of residential real property because the code provides for the assumption of a lease by the debtor only in the reorganization chapters and provides for automatic rejection upon the trustee's failure to act. The Court does not address debtor's claim of discrimination under § 525 because it is not relevant to the standing issue, and any claim under that section is premature.

### ORDER DENYING DEBTOR'S MOTION TO ASSUME LEASE

Upon the Findings of Fact and Conclusions of Law separately entered, it is

ORDERED: ·

Debtor's Motion to Assume Lease is denied.