$$
\begin{aligned}
365 \text{ days} &= 4/15/93 \\
365 \text{ days} &= 4/15/94 \\
\underline{100 \text{ days}} &= 7/25/94 \\
830 \text{ days}
\end{aligned}
$$

Thus, the date for which the 1991 tax return was last due is extended 830 days from April 15, 1992 to July 24, 1994.

2. The 1992 tax return was last due on 4/15/93, plus 830 days.

$$
\begin{aligned}
365 \text{ days} &= 4/15/94 \\
365 \text{ days} &= 4/15/95 \\
\underline{100 \text{ days}} &= 7/24/95 \\
830 \text{ days}
\end{aligned}
$$

Thus, the date for which the 1992 tax return was last due is extended 830 days from April 15, 1993 to July 24, 1995.

The three year "look back" date pursuant to § 507(a)(8)(A)(i), based on the Debtor's Fourth Petition filed on September 13, 1996, is September 13, 1993. Accordingly, the after adding the 830 days that were tolled, the 1991 tax return, was last due on July 24, 1994, and the 1992 tax return was last due on July 24, 1995. Thus, the tax returns for both 1991 and 1992 income tax returns were last due after three years before the date of the filing of the Petition. Therefore, the claim of the IRS as to the Debtor's 1991 and 1992 is entitled to unsecured priority status pursuant to § 507(a)(8)(A)(ii).

The Court having reviewed the Complaint and Answer filed herein and the Motion for Summary Judgment by the Defendant, together with the supporting legal memoranda and, all of the relevant papers and documents of record, and having taken into consideration all admitted facts, the Court concludes that no genuine issue of material fact exists pursuant to Fed.R.Civ.P. 56(c) in that the parties have no dispute as to the filing and dismissal dates of the Debtor's our bankruptcy petitions in computing the § 507(a)(8)(A)(i) priority claim of the Defendant, and that the Defendant is entitled to a Summary Judgment as a matter of law.

It is therefore,

ORDERED, ADJUDGED, AND DECREED, that the Defendant's Motion for Summary Judgment should be, and is hereby granted. And it is further,

ORDERED, ADJUDGED, and DECREED that the Debtor's federal income tax liability and interest thereon for the 1991 and 1992 tax years constitute unsecured priority tax claims versus the Debtor's Chapter 13 estate pursuant to § 507(a)(8)(A)(i).

The Clerk shall set forth this Judgment on a separate document pursuant to Fed. R.Bk.P. 9021.

**In re Charles GATEA d/b/a Professional Hair Cutting and Styling d/b/a Market Tower Hair Salon, Debtor.**

**Bankruptcy No. 97–6675–RLB–7.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

July 30, 1997.

696

Christopher C. Zoeller, Zoeller & Zoeller, Indianapolis, IN, for Debtor.

Henry A. Efroymson, Ice Miller Donadio & Ryan, Indianapolis, IN, for Dixouest, L.P., f/k/a West Market Street Partnership.

Neil E. Shook, Rubin & Levin, Indianapolis, IN, Chapter 7 Trustee.

*ENTRY ON MOTION TO APPROVE AGREED ENTRY AND ORDER ON REJECTION OF UNEXPIRED LEASE OF NON–RESIDENTIAL PROPERTY AND FOR SURRENDER OF PROPERTY*

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on the Motion to Approve Agreed Entry and Order on Rejection of Unexpired Lease of Non–Residential Real Property and for Surrender of Property, and Request to Shorten Notice of Same ("Motion to Reject Lease"), filed by Dixouest, L.P., f/k/a West Market Street Partnership ("Landlord") on July 15, 1997. In response to the Motion to Reject Lease, on July 22, 1997, Charles Gatea d/b/a Professional Hair Cutting and Styling d/b/a Market Tower Hair Salon ("Debtor") filed his Motion for Additional Time to Accept or Reject Unexpired Lease of Nonresidential Real Property, Objection, and Request for Hearing ("Debtor's Objection"). The Landlord filed a response to the Debtor's Objection ("Response") on July 23, 1997. The Court, having reviewed the Motion to Reject Lease, the Debtor's Objection, and the Response, now makes the following Entry.[1]

The Debtor filed a petition under Chapter 7 on June 11, 1997. Prior to the filing of the bankruptcy petition, the parties executed a lease ("Lease"), pursuant to which the Debtor leases certain commercial property ("Leased Premises") from the Landlord. The Debtor operates a hair salon from the Leased Premises.

By the instant Motion to Reject Lease, the Trustee has expressed his intent to reject the Lease. The Debtor has made various objections to rejection of the Lease, which objections the Court addresses hereinbelow.

When a debtor files a Chapter 7 petition, all property of the debtor becomes property of the estate. 11 U.S.C. § 541. A chapter 7 trustee is appointed to liquidate the estate as expeditiously as possible. 11 U.S.C. §§ 701, 702, 704. The Bankruptcy Code gives the trustee the power to, among other things, avoid transfers, abandon burdensome property, and assume or reject unexpired leases. 11 U.S.C. §§ 547, 548, 554, 365. With respect to the assumption and rejection of leases, Section 365(a) explicitly gives the power to assume or reject a lease to the *trustee* (as opposed to the debtor).

1. In the Debtor's Objection, the Debtor requests a hearing on the issues raised by the Motion to Reject Lease. The setting of a hearing is discretionary with the Court. *See* Local Rule of the United States District Court 7.5; Local Rule of the United States Bankruptcy Court B–1. Because a hearing is not necessary in the circumstances of this case to resolve the issues before the Court, the Debtor's request for a hearing is denied.

(a) ... the *trustee,* subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

(emphasis added) As was noted in *In re Rodall,* 165 B.R. 506 (Bankr.M.D.Fla.1994),

In the reorganization chapters of the code, a *debtor* is specifically given the authority to assume an executory contract or unexpired lease. 11 U.S.C. [Section] 1322; 11 U.S.C. [Section] 1107. There is no corresponding provision in the code for a chapter 7 debtor.

165 B.R. at 507 (emphasis original).

Based on the foregoing statutory provisions, it is clear that the Debtor in this case does not have standing to assume or reject the Lease. Accordingly, the Court cannot entertain the Debtor's Objection, to the extent that the Debtor argues therein against rejection of the Lease. It follows that the Debtor also does not have standing to ask for an extension of the time for assumption or rejection; the Debtor's request for an extension is accordingly denied.

The Court has been presented with no compelling reason to disapprove the Trustee's business decision to reject the Lease. It is the conclusion of the Court that the relief requested by the Landlord and the Trustee in the Motion to Reject Lease should be granted.

Section 365(d)(4) provides that after a lease of commercial property is rejected, "the trustee shall immediately surrender such nonresidential real property to the lessor." Pursuant to Section 365(d)(4), the Trustee is directed to immediately surrender the Leased Premises to the Landlord.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Motion to Reject Lease be, and hereby is, GRANTED, and the Debtor's Objection be, and hereby is, OVERRULED. The Lease is hereby DEEMED to be rejected, effective as of the date of this Entry. The Trustee is DIRECTED to surrender the Leased Premises to the Landlord.