**In re Daniel A. and Mary E. WERBINSKI, Debtor.**

No. 00–46643–R.

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

May 25, 2001.

Thomas J. Budzynski, Clinton Township, MI, for creditor.

John J. Kraus, Port Huron, MI, for debtor.

**Opinion and Order Denying Motion to Find De Facto Assumption of Executory Contract and to Allow Collection of Rents or Eviction**

STEVEN W. RHODES, Bankruptcy Judge.

Creditor, Chateau Communities–Anchor Bay, filed this motion to find de facto assumption of executory contract and to allow collection of rents or eviction. The Werbinskis filed an objection. The Court conducted a hearing on May 21, 2001 and took the matter under advisement.

The Werbinskis filed their chapter 7 petition on April 28, 2000. At the time of filing, the Werbinskis were renting lot space as month-to-month tenants for their mobile home unit in Chateau Communities.

On their schedule F, the Werbinskis listed a debt to Chateau in the amount of $2,500 for rent and other expenses. On September 21, 2000, the Werbinskis' discharge was entered. The case was closed on September 22, 2000. The case was reopened on March 23, 2001 for the purpose of hearing the present motion.

Chateau contends that the Court should use its powers under 11 U.S.C. § 105 to hold that the Werbinskis have de facto assumed their month-to-month tenancy by remaining on the premises and indicating a desire to stay there.

The Werbinskis contend that the pre-petition rent that they owed to Chateau was discharged and that they never reaffirmed that obligation or assumed any executory contract. The Werbinskis agree that they owe post-petition rent, although they note that Chateau Communities rejected their offers to pay that rent.

Under 11 U.S.C. § 365(a), the trustee may assume or reject any unexpired lease of the debtor. Section 365(d)(1) provides:

> In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such contract or lease is deemed rejected.

11 U.S.C. § 365(d)(1).

The parties agree that the Werbinskis were month-to-month tenants. "[I]t is irrelevant for purposes of section 365(d) that the debtor did not have a written lease or that it rented on a month-to-month basis. Pursuant to section 365(m) 'any rental agreement to use real property' constitutes a lease of real property for purposes of section 365." *In re United West, Inc.*, 87 B.R. 138, 140 (Bankr.D.Nev. 1988). Accordingly, § 365(d)(1) is applicable. *See e.g., In re Miller*, 247 B.R. 224 (Bankr.E.D.Mich.2000), *aff'd*, 252 B.R. 121 (E.D.Mich.2000).

Chateau seeks a determination that the Werbinskis assumed the lease based on their continued occupancy of the lot. However, there is no legal basis for the Court to make such a determination. Further, debtors do not have standing in a chapter 7 case to assume or reject a lease. *In re Gatea*, 227 B.R. 695 (Bankr.S.D.Ind. 1997); *In re Rodall*, 165 B.R. 506 (Bankr. M.D.Fla.1994).

The trustee did not file a motion to assume or reject the Werbinskis' lease with Chateau. Therefore, it was deemed rejected as of June 27, 2000, sixty days after the petition was filed.

Pursuant to § 365(g)(1), the rejection is treated as a breach of the lease that took place immediately prior to the filing of the bankruptcy petition. *See In re Lavigne*, 114 F.3d 379, 387 (2d Cir. 1997). Because this was a no asset case, Chateau did not file a proof of claim.

Section 727(b) provides in pertinent part:

> [A] discharge ... discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 502 of this title.

11 U.S.C. § 727(b).

Therefore, Chateau's claim for post-petition rent through the time of rejection was discharged. *See Miller*, 247 B.R. at 227.[1]

---

1. However, Chateau was not without a remedy during the post-petition, pre-rejection peri-

Because the Werbinskis remained on the premises after the lease was rejected, Chateau was free to collect rent from the Werbinskis from that point forward. Chateau contends that this Court's holding in *In re Miller* precludes the collection of post-petition rent. In *Miller*, the Court held that Chateau's claim for post-petition rent was discharged. *Miller*, 247 B.R. at 227. However, the circumstances of this case are different from those in *Miller*. Here, the Werbinskis remained on the premises post-rejection. In *Miller*, the debtor not only did not remain on the premises post-rejection, but had moved out of her mobile home pre-petition. Further, the automatic stay had been lifted pre-rejection to allow Chateau to pursue its state court remedies. Thus, the collection of post-rejection rent was not at issue in *Miller*.

The Court notes that there is nothing obligating Chateau to continue renting to the Werbinskis. Chateau seeks to evict the Werbinskis as an alternative remedy in its motion. The automatic rejection of the lease in this bankruptcy case pursuant to § 365(d)(1) did not terminate the lease, it effected an abandonment back to the debtors of their rights in the lease. "Although section 365(g) provides that the rejection of a lease constitutes a breach, the breach does not terminate an unexpired lease." *Couture v. Burlington Housing Authority (In re Couture)*, 225 B.R. 58, 64 (D.Vt.1998). "It is generally agreed ... that the automatic rejection of a lease pursuant to § 365(d)(1) effects an abandonment of the lease to the debtor." *In re Bacon*, 212 B.R. 66, 68 (Bankr. E.D.Pa.1997). *See also In re Rosemond*, 105 B.R. 8, 9–10 (Bankr.W.D.Pa.1989); *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y.1994) ("A residential lease, while theoretically an asset of the estate, is not one that a Chapter 7 trustee will generally assume and assign .... Whether he formally abandons the lease, or simply closes the case without administering it, the lease will revert to the Debtor.").

Because the lease reverted back to the Werbinskis upon rejection, Chateau is free to pursue any state court remedies it might have, including eviction or the collection of post-rejection rents. However there is no basis for concluding that the debtors assumed the lease under 11 U.S.C. § 365.

Accordingly, Chateau's motion is denied.

od. It could have filed a motion requiring the trustee to assume or reject the lease before the expiration of the sixty day period. In addition, Chateau filed a motion to lift the automatic stay on July 10, 2000. However, the matter was settled prior to the hearing and the stay remained in effect.