In re Cynthia A. DEAN, Debtor.

Cynthia A. Dean, Plaintiff,

v.

Ulysses G. Telegadis, Defendant.

Bankruptcy No. 04–20896 BM.
Adversary No. 04–2330 BM.

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 22, 2004.

Cynthia A. Dean, Pro Se.

### *MEMORANDUM OPINION*

BERNARD MARKOVITZ, Bankruptcy Judge.

*Pro se* debtor Cynthia Dean seeks to "cancel"—*i.e.*, reject—a contract she previously had entered into with defendant Ulysses Telegadis, wherein she assigned to Telegadis the right to receive a stream of monthly payments from her former husband. She further seeks a determination that the resulting debt owed to Telegadis is subject to a "special (and specific) discharge". Finally, debtor seeks to "verify" that the exemption she has claimed in the right to retain the payments is allowed.

We conclude for reasons set forth in this memorandum opinion that: (1) debtor may *not* reject the contract; (2) the debt owed to Telegadis which arose out of the contract is *not* discharged; and (3) the exemption debtor has claimed in the right to retain the payments is *not* allowed.

### – FACTS –

Debtor and her husband were divorced in December of 1998. She has not remarried. The divorce decree required debtor's husband to make graduated monthly payments to her through August of 2004.

On February 19, 2002, debtor executed an agreement whereby she assigned to Telegadis the remaining monthly alimony payments she was scheduled to receive from her former husband. The total amount of payments remaining at that time was $8,100.00. As consideration for the assignment, Telegadis made a lump-sum payment to debtor in the amount of $4,900.00. Debtor was obligated by the agreement to remit the monthly payments

to Telegadis as she received them from her former husband.

On January 23, 2004, debtor filed a *pro se* voluntary chapter 7 petition. Debtor, who had previously worked as a paralegal or as a legal secretary, apparently felt comfortable with representing herself throughout these proceedings even though she is not a lawyer. A chapter 7 trustee was appointed shortly thereafter.

The schedules accompanying the petition listed assets with a total declared value of $4,458.63 and liabilities totaling $26,900.00. Seven outstanding payments from debtor's former husband totaling $1,575.00 were included among the assets listed. Debtor claimed an exemption in the full amount of these remaining payments in accordance with § 522(d)(10)(D) of the Bankruptcy Code. Telegadis was identified as having a security interest in the remaining alimony payments. The agreement with Telegadis was identified as an executory contract. The schedule so identifying the agreement stated that debtor intended to have the contract "set aside, so she can keep her future payments".

Shortly after commencing the bankruptcy case, debtor filed a motion captioned "Motion Regarding Request For Specific Debt Relief". In the prayer for relief debtor requested: (1) "a special (and specific) discharge" of the debt; (2) a "court decision canceling this contract, and all future payments, to the creditor"; and (3) an order "verifying that this property is exempt".

Acting out of an abundance of caution, we had the matter docketed as an adversary action in light of debtor's request that the debt she owed to Telegadis be subject to a "special discharge".

After convening and concluding the § 341(a) meeting of creditors, the chapter 7 trustee reported on March 23, 2004, that debtor's was a no-asset case.

Instead of forwarding them to Telegadis, debtor retained and spent the monthly payments she had received for January, February, March and April of 2004. She was directed on April 15, 2004, to deposit all future payments received from her former husband in an interest-bearing account until further order of court.

The matter was tried on September 17, 2004. Debtor offered no testimony or other evidence in support of her position. Defendant Telegadis was out of the country at the time and therefore did not attend the trial.

## – DISCUSSION –

As we understand it, debtor first and foremost seeks to reject the above agreement with Telegadis. After accomplishing this, debtor seeks a determination that the outstanding debt she owes to Telegadis is discharged. Finally, debtor seeks a determination that the exemption she has taken in the right to retain the remaining payments from her former husband is allowed. We will address these issues in the order presented.

### (I) May Debtor Reject The Contract With Telegadis?

Section 365 of the Bankruptcy Code provides in part as follows:

> (a) Except as provided ... in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract ... of the debtor.

11 U.S.C. § 365(a).

Debtor's attempt to reject the above agreement with Telegadis fails for at least two reasons.

In the first place, a debtor in a chapter 7 case lacks authority to reject an

executory contract in accordance with this provision. Reference is made in this provision only to a trustee assuming or rejecting an executory contract. There is no provision in the Bankruptcy Code comparable to § 1107, which enables a debtor-in-possession in a chapter 11 case to "stand in the shoes" of a trustee. Only the trustee has such authority in a chapter 7 case. *In re Gatea,* 227 B.R. 695, 696–97 (Bankr. S.D.Ind.1997); also *In re Rodall,* 165 B.R. 506, 507 (Bankr.M.D.Fla.1994).

■ In addition, the contract debtor seeks to reject is not executory in nature. By its express terms, § 365(a) applies to contracts that are executory in nature. The Bankruptcy Code does not define what an executory contract is. The legislative history of § 365(a), however, indicates that an executory contract is one in which performance remains due on *both* sides of the contract. *Sharon Steel Corporation v. National Fuel Gas Distribution Corporation (In re Sharon Steel Corporation),* 872 F.2d 36, 39 (3d Cir.1989) (citing *N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513, 522 n. 6, 104 S.Ct. 1188, 1194 n. 6, 79 L.Ed.2d 482 (1984)).

The above agreement between debtor and Telegadis is not an executory contract because no further performance by Telegadis remains due. His performance was completed when he tendered, and debtor accepted, the lump-sum payment of $4,900.00 as consideration for the right to receive all remaining payments from debtor's former husband. The only performance remaining due is by debtor; she remains obligated to remit the monthly payments to Telegadis upon receiving them from her former husband.

We conclude in light of the foregoing that § 365(a) of the Bankruptcy Code does not apply and that debtor consequently cannot reject the above contract with Telegadis in accordance with § 365(a) of the Bankruptcy Code.

### *(II) Is The Debt Owed To Telegadis Discharged ?*

■ Except as provided for in § 523 of the Bankruptcy Code, a discharge in a chapter 7 case discharges a debtor from all debts that arose *prior* to the date of the order for relief. 11 U.S.C. § 727(b).

■ It is not dispositive that the contract giving rise to the debt at issue here was executed prior to the commencement of this bankruptcy case. What matters is when the debt at issue here arose.

The question that must be resolved is whether the debt owed to Telegadis is a pre-or a post-petition obligation. The debt is subject to discharge only if it is a pre-petition obligation. See 11 U.S.C. § 727(b).

The term "debt" is defined in the Bankruptcy Code as "liability on a claim". 11 U.S.C. § 101(12). "Claim" in turn means a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured". 11 U.S.C. § 101(5). A debt, in other words, is liability on a right to payment.

The terms "debt" and "claim" are coextensive. *In re First Jersey Securities, Inc.,* 180 F.3d 504, 510 (3d Cir.1999). When a creditor has a claim against a debtor, the debtor correspondingly owes a debt to the creditor. *Id.* They are "but two windows on the same room". *Sigmon v. Royal Cake Company, Inc. (In re Cybermech, Inc.),* 13 F.3d 818, 822 (4th Cir. 1994).

■ The Bankruptcy Code does not specify when a "right to payment" arises for bankruptcy purposes. It is the law in this circuit that a claim, and hence a debt,

arises for bankruptcy purposes when the cause of action underlying it accrues under applicable state law. *Avellino & Bienes v. M. Frenville Co., Inc. (Matter of M. Frenville Company, Inc.)*, 744 F.2d 332, 335–36 (3d Cir.1984), *cert. denied*, 469 U.S. 1160, 105 S.Ct. 911, 83 L.Ed.2d 925 (1985). Although it has been roundly criticized by other courts, *Frenville* remains the law in this circuit and must be adhered to by this court. *Jones v. Chemetron Corporation*, 212 F.3d 199, 205–06 (3d Cir.2000).

It is not obvious whose law governs here. Debtor executed the contract in Colorado while Telegadis executed it in Florida. The matter is before this court in Pennsylvania for resolution. The agreement between debtor and Telegadis contained no choice-of-law provision.

█ It fortunately does not matter whose law is applied to determine when the debt owed to Telegadis by debtor arose for present purposes. The answer is the same regardless of whose law we apply. A cause of action for breach of contract arises when the breach occurs. *Goeddel v. Aircraft Finance, Inc.*, 152 Colo. 419, 424, 382 P.2d 812, 814–5 (1963) (applying Colorado law); *State Farm Mutual Insurance Company v. Lee*, 678 So.2d 818 (Fla.1996) (applying Florida law); and *Sadtler v. Jackson–Cross Company*, 402 Pa.Super. 492, 499, 587 A.2d 727, 731 (1991) (applying Pennsylvania law).

There no indication in the record that debtor breached the contract with Telegadis for the first time prior to the filing of her chapter 7 petition on January 23, 2004. Debtor apparently had not defaulted on her obligations to Telegadis before then. She was current. The breach did not occur until *after* the chapter 7 petition was filed. Until then, in other words, Telegadis had no cause of action against debtor for breach of contract. As we see it, debtor filed her bankruptcy petition when she did *because* she (mistakenly) believed that once she did she would no longer be obligated to remit the monthly payments to Telegadis and could retain them for herself while having her obligation to Telegadis discharged.

We conclude in light of the foregoing that the debt owed to Telegadis for all payments due and owing after January 23, 2004, is not discharged. The debt at issue is a post-petition obligation, not a pre-petition one.

### (III) Are The Alimony Payments Exempt?

█ Finally, debtor requests a determination that the payments she receives from her former husband are exempt. By this we understand debtor to be seeking a determination that she may retain the payments for herself and need not remit them to Telegadis.

An individual debtor may exempt from property of the bankruptcy estate any property that is listed in §§ 522(d)(1) through (d)(11) of the Bankruptcy Code. 11 U.S.C. § 522(b)(1).

Debtor claimed the remaining monthly payments totaling $1,575.00 as exempt on Schedule C in accordance with § 522(d)(10)(D) of the Bankruptcy Code, which provides in part as follows:

(d) The following property may be exempted under subsection (b)(1) of this section: . . .

(10) The debtor's right to receive —

. . . .

(D) alimony . . . , to the extent necessary for the support of the debtor

. . . .

11 U.S.C. § 522(d)(10)(D).

Neither the chapter 7 trustee nor any interested party objected to debtor's claimed exemption within thirty days of

the conclusion of the § 341(a) meeting, as is required by Federal Rule of Bankruptcy Procedure 4003(b).

■ The agreement between debtor and Telegadis was an assignment. In return for receiving valuable consideration from Telegadis, debtor assigned to Telegadis her right to retain alimony payments from her former husband. An assignment is a transfer of property or of some other right from one person to another. Unless it is qualified in some way, the assignor's property rights are extinguished and transferred to the assignee. *Horbal v. Moxham National Bank*, 548 Pa. 394, 406, 697 A.2d 577, 583 (1997).

The assignment was made nearly two years before debtor filed her chapter 7 petition. It therefore follows that as of the petition date—*i.e.*, January 23, 2004—debtor personally had no right, legal or equitable, to retain the alimony payments from her former husband. She previously had assigned that right to Telegadis.

■ All property in which a debtor has a legal or an equitable interest becomes property of the bankruptcy estate when a bankruptcy petition is filed. 11 U.S.C. § 541(a)(1). A debtor may, however, withdraw such property from the bankruptcy estate (and hence from creditors) for the benefit of the debtor by exempting it. Property that is properly exempted under § 522 is "immunized" against liability for pre-bankruptcy debts. *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991). Whether property is eligible for exemption is determined as of the date on which the bankruptcy petition was filed. We must take a "retrospective snapshot" of the law and the facts as they existed at that time. *Canfield v. Orso (In re Orso)*, 283 F.3d 686, 692 (5th Cir.2002).

As of the petition date, debtor herself had no interest, legal or equitable, in retaining the monthly payments she received from her former husband. She previously had transferred that right to Telegadis. As a consequence, the right to retain the alimony payments was not property of debtor's bankruptcy estate and was not exemptible pursuant to § 522(d)(10)(D) of the Bankruptcy Code.

This conclusion does not run afoul of the holding in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). The issue addressed in *Freeland & Kronz* was whether a bankruptcy trustee may contest the validity of an exemption after expiration of the period for objecting thereto as set forth at Federal Rule of Bankruptcy Procedure 4003(b)—*i.e.*, thirty days after the conclusion of the § 341(a) meeting of creditors. 503 U.S. at 640, 112 S.Ct. at 1646. The United States Supreme Court concluded that a trustee may not so object even when the debtor has no colorable basis for claiming the exemption. 503 U.S. at 643–44, 112 S.Ct. at 1648.

We determined previously in this matter that debtor's claimed exemption in the monthly alimony payments from her former husband was inappropriate and therefore must be denied despite the absence of a timely objection to the claimed exemption by the trustee or any interested party. The present case is distinguishable from *Freeland & Kronz* in an important respect.

In *Freeland & Kronz* the proceeds of the settlement of debtor's lawsuit against her employer, in which debtor claimed an exemption, unquestionably were an asset of the bankruptcy estate. The Commonwealth Court of Pennsylvania had reinstated the determination that debtor's employer was liable for denying debtor promotions because of her race and religion. 503 U.S. at 640, 112 S.Ct. at 1646.

As of the petition date, debtor had a legal right to recover damages from her employer.[1]

The reference in *Freeland & Kronz* to the lack of a colorable basis for claiming an exemption was to the lack of any *specific subsection* of § 522(d) that arguably provided a basis for the claimed exemption. The Supreme Court in effect concluded that the answer to whether any of the specifically enumerated subsections of § 522(d) provided a colorable basis for the claimed exemption was not relevant when an objection was not raised in a timely manner.

The present outcome does *not* turn on whether any specifically enumerated subsection of § 522(d) arguably provides a colorable basis for the claimed exemption. It turns instead on whether the exemption claimed pertains to property in which debtor had any interest as of the bankruptcy filing. The Supreme Court did not address this question in *Freeland & Kronz*. It did not consider (or answer) the question whether a debtor may claim an exemption in something in which debtor had no legal or equitable interest as of the filing of the bankruptcy petition.

We conclude in light of the foregoing that debtor may not claim an exemption in the right to retain alimony payments from her former husband because she previously had assigned that right to Mr. Telegadis. The failure of the chapter 7 trustee or any interested party to object to this exemption in a timely manner does not prevent us from arriving at this conclusion.

An appropriate order shall issue.

### ORDER OF COURT

AND NOW, at Pittsburgh this *22nd* day of *November,* 2004, for reasons set forth in the accompanying memorandum opinion, it hereby is **ORDERED, ADJUDGED** and **DECREED** that:

(1) debtor's motion to reject executory contract be and hereby is **DENIED**;

(2) the debt owed by debtor to defendant Ulysses Telegadis is **NOT DISCHARGED**; and

(3) debtor's claimed exemption in the alimony payments due from her former husband is **NOT ALLOWED**.

It is **SO ORDERED**.

**1.** This determination was on appeal to the Supreme Court of Pennsylvania when debtor filed her bankruptcy petition. Two years after the filing of the above bankruptcy petition the decision of the Commonwealth Court was affirmed.